UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
In re:                                          )
                                                )
BOSTON FINANCIAL CORPORATION                    )     Chapter 11
                                                )     No. 08-14571-HJB
                       Debtor                   )
_____    )

### DEBTOR'S MOTION FOR AUTHORIZATION TO EMPLOY
### FRANK D. KIRBY, ESQ. AS REPLACEMENT COUNSEL TO THE DEBTOR

Boston Financial Corporation (the "Debtor"), hereby moves the Court for the entry of an order authorizing the employment of Frank D. Kirby, Esq. as replacement counsel to the Debtor under a general retainer, and in further support of this motion states as follows:

#### JURISDICTION

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b) (2).  Venue of this proceeding and this motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested in this motion are Section 327 of title 11 of the United States Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1.

#### BACKGROUND

3. The Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code in the United States for the District of Massachusetts on June 23, 2008 (the "Petition Date").

4. The Debtor continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

5. Debtor operates a commercial factoring company specializing in accounts receivable factoring and in business loans of all types.

6. Debtor is a Massachusetts corporation. Frank A. Coviello is the sole director and president of Boston Financial Corporation and owns one hundred percent (100%) of Debtor's outstanding shares.

## Retention of FDK

7. The Debtor seeks an order of this Court authorizing the employment and retention of Frank D. Kirby, Esq. as it's bankruptcy counsel in this Chapter 11 proceeding.

8. The Debtor has requested the authority to employ Frank D. Kirby, Esq. due to his experience in proceedings before this and other bankruptcy courts. Accordingly, Debtor believes that Attorney Kirby is well qualified to represent the debtor as bankruptcy counsel in this Chapter 11 case.

9. The Debtor requires the retention of Frank D. Kirby, Esq. to provide the legal services and advice necessary for the Debtor to perform it's duties as debtor-in-possession. The services that Frank D. Kirby, Esq. will render as counsel to the Debtor may include, but is not limited to, the following:

   a. Advising the Debtor with respect to its rights, powers and duties as debtor-in-possession, both in the conduct of its Chapter 11 case and the management of its assets;

   b. Representing the Debtor in connection with negotiating and seeking court approval of debtor-in-possession financing and/or exit financing;

   c. Advising the Debtor with respect to any plan proposed by the Debtor and any other matters relevant to the formulation and negotiation of a plan of reorganization in this case;

   d. Representing the Debtor at all hearings and matters pertaining to its affairs as debtor and debtor-in-possession;

    e. Preparing, on the Debtors' behalf, all necessary and appropriate applications, motions, answers, orders, reports and other pleadings and other documents, and reviewing all financial and other reports filed in this Chapter 11 case;

    f. Reviewing and analyzing the nature and validity of any liens asserted against the Debtors' property and advising the Debtor concerning the enforceability of such liens;

    g. Advising the Debtor regarding its ability to initiate actions to collect and recover property for the benefit of the estate;

    h. Advising and assisting the Debtor in connection with the potential disposition of property;

    i. Advising the Debtor concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructurings and recharacterizations;

    j. Reviewing and analyzing various claims of the Debtor's creditors and the treatment of such claims and the preparation, filing or prosecution of any objections to claims;

    k. Commencing and conducting any and all litigation necessary or appropriate to assert rights held by the Debtor, protecting assets of the Debtor's Chapter 11 estate or otherwise further the goal of completing the Debtor's successful reorganization; and

    l. Performing any other legal services and provide any other legal advice that may be necessary.

10. Subject to this Court's approval, Frank D. Kirby, Esq. will charge for his legal services in accordance with his ordinary and customary hourly rates in effect at the time services are rendered. The hourly rate of Frank D. Kirby, Esq. is $350 per hour. Attorney Kirby will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services to the Debtor.

11. All compensation and expense reimbursement for Frank D. Kirby, Esq. shall be subject to allowance by this Court upon appropriate application pursuant to Sections 330 and 331 of the Bankruptcy Code, applicable rules and any orders of this Court. Subject to this

Court's approval, Attorney Kirby reserves the right to seek an enhancement of his fees or a lodestar award greater than the normal hourly time charges.

12. Frank D. Kirby, Esq. is customarily reimbursed for all expenses incurred by him in connection with the representation of a client. Such expenses include, without limitation, long-distance telephone charges, copying costs, postage, express mail costs, special or hand delivery costs, facsimile transmission charges, overtime assistant's charges, Lexis and Westlaw charges, court charges, transcription costs, travel costs and other expenses that would not have been incurred except for the representation of a given client. The Debtor has agreed to reimburse Attorney Kirby in full for such disbursements and expenses.

13. Subject to the approval of this application, Frank D. Kirby, Esq. has requested a retainer of $12,500.00 from the Debtor.

### Disinterestedness of FDK

14. Attached to this motion is the *Affidavit of Frank D. Kirby, Esq. in Support of Debtor's Motion for Authorization to Employ Frank D. Kirby, Esq. as Replacement Counsel to the Debtor* (the "Kirby Affidavit"), which includes a statement pursuant to 11 U.S.C. §§ 329(a) and 504.

15. As set forth in greater detail in the attached Affidavit, Frank D. Kirby's involvement with the Debtor, creditors or other interested parties to the Debtor include the following:

    a. From 2005 to 2007, Frank D. Kirby, Esq. was a Director of United Shoe Machinery Corporation. From 2001 until 2004, that corporation borrowed money from the Debtor on several occasions. Affiant did not participate in any negotiations with the Debtor concerning these loans, and believes that such loans were made and paid in full prior to the time he became a Director of the borrower corporation.

    b. Applicant represented Converse Steel Fabricators & Erectors, Inc. d/b/a Converse Construction Co., Inc. in Chapter 11 proceedings, which plan was confirmed in April 1998 and which case was concluded September 2002. At the time of it's filing, that company was factoring its' accounts receivables with the Debtor and may have obtained some measure of debtor-in-possession financing concerning that Chapter 11 case. To the best of applicant's knowledge, all such loans or advances were paid in full or otherwise settled during the bankruptcy proceedings.

16. Except as is disclosed in the Kirby Affidavit, neither Frank D. Kirby, Esq. nor his associates have any involvement with the Debtor, its attorneys, other professionals, significant shareholders, directors and officers, secured lenders, other unsecured material creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

17. Except as disclosed in the Kirby Affidavit, to the best of the Debtors' knowledge, neither Frank D. Kirby, Esq. nor any of his associates hold or represent any interest adverse to the Debtors' estate with respect to the matters on which Attorney Kirby is to be employed, and Frank D. Kirby, Esq. and his associates are otherwise disinterested persons with respect to the Debtor as that term is defined in Section 101(14) of the Bankruptcy Code.

18. Pursuant to MLBR 2014-1(d), the Debtor requests that its retention of Frank D. Kirby, Esq. be effective as of August 15, 2008.

## NOTICE

19. The Debtor has provided notice of this motion to the United States Trustee, secured creditors, and all parties who have filed a notice of appearance. The Debtor believes that

such service provides sufficient notice in light of the nature of the relief requested and requests that the Court approve such notice.

WHEREFORE, the Debtor respectfully requests that this Court authorize Attorney Kirby's retention as Debtor's counsel herein, and for such other relief as may be warranted under these circumstances.

| | |
|---|---|
| Dated:  August 14, 2008 | Respectfully submitted, |
| | BOSTON FINANCIAL CORPORATION<br>By its president, duly authorized, |
| | /s/ Frank A. Coviello<br>Frank A. Coviello, President |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____ )
In re:                                      )
                                            )
BOSTON FINANCIAL CORPORATION                )    Chapter 11
                                            )    No. 08-14571-HJB
                    Debtor                  )
_____ )

**<u>AFFIDAVIT OF FRANK D. KIRBY IN SUPPORT OF DEBTORS'
MOTION FOR AUTHORIZATION TO EMPLOY FRANK D. KIRBY, ESQ.
AS REPLACEMENT COUNSEL TO THE DEBTOR</u>**

Pursuant to U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014(a) and 2106, MLBR 2014-1, and 28 U.S.C. § 1746, I, Frank D. Kirby, Esq., hereby state as follows:

1. I, Frank D. Kirby, Esq., am an attorney licensed to practice law in the United States Bankruptcy Court in the District of Massachusetts. I maintain an office at 5 Pleasant Street, Worcester, Massachusetts. I make this Affidavit in support of the *Debtors' Motion for Authorization to Employ Frank D. Kirby, Esq. as Replacement Counsel to the Debtor* by the above-captioned Debtor (the "Debtor").

2. I make this Affidavit on the basis of my personal knowledge except as to statements made upon information and belief or to the best of my knowledge, and I believe those statements and the information upon which they are based to be true.

3. The Law Office of Frank D. Kirby, Esq. maintains records of all of its clients, the matters on which it represents clients, and the other parties which have a substantial role in such matters. I have reviewed such records and documents to determine my connections with the Debtors and parties in interest.

4. Based upon my review as described above and in accordance with Bankruptcy Rule 2104(a), neither I nor any associate of mine, insofar as I have been able to ascertain, has any connection or relationship with the Debtor, their creditors or any other parties in interest, or its respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except as follows:

    a. From 2005 to 2007, I, Frank D. Kirby, Esq. was a Director of United Shoe Machinery Corporation. From 2001 until 2004, that corporation borrowed money from the Debtor on several occasions. Affiant did not participate in any negotiations with the Debtor concerning these loans, and believes that such loans were made and paid in full prior to the time he became a Director of the borrower corporation.

    b. Applicant represented Converse Steel Fabricators & Erectors, Inc. d/b/a Converse Construction Co., Inc. in Chapter 11 proceedings, which plan was confirmed in April 1998 and which case was concluded September 2002. At the time of it's filing, that company was factoring its' accounts receivables with the Debtor and may have obtained some measure of debtor-in-possession financing concerning that Chapter 11 case. To the best of applicant's knowledge, all such loans or advances were paid in full or otherwise settled during the bankruptcy proceedings.

5. Based upon my review as described above, I am not presently aware of any representation by my firm of any creditors of the Debtor or other parties in interest that would disqualify myself or my office from being disinterested.

6. I do not represent, nor am I represented by, any other authorized professional specifically in connection with this case or on a regular basis or in connection with a substantial matter in another case.

7. Insofar as I have been able to ascertain, based upon my review, neither I nor any associate of mine hold or represent any interest adverse to that of the Debtors' estate. I believe that I am a "disinterested person" as that term is defined in 11 U.S.C. § 101(14). Furthermore, insofar as I have been able to ascertain, neither myself, nor any associate of mine, is connected with any Bankruptcy Judge in the District of Massachusetts, or the United States Trustee or any person employed in the office of the United States Trustee, so as to render the appointment of applicant as counsel for the Debtor inappropriate under Fed. R. Bankr. P. 5002(b).

8. I have conducted, and will continue to conduct, research into any relationships I may have with the Debtor and their creditors, any accountants, attorneys or other professionals of the foregoing, and any other parties interested in this case. To the extent any such contacts are discovered, I will notify the Court by filing and serving a supplemental affidavit.

9. Subject to this Court's approval, I will charge for my legal services in accordance with my ordinary and customary hourly rates in effect at the time services are rendered. The hourly rate of Frank D. Kirby, Esq. for 2008, is $350 per hour. I will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services to the Debtor.

10. All compensation, fee or allowance which may be claimed by me will belong wholly to me, and will not be divided, shared or pooled, directly or indirectly, with any other person or firm, except that any services rendered by my staff, consisting of persons associated with me in practice on a regular basis, will be separately detailed in my application(s) for compensation to be filed herein.

11. I have requested a retainer of $12,500.00 from the Debtor, subject to this Court's authorization to employ me as counsel.

12. I shall amend this statement immediately upon my learning that (a) any of the representations made in this Affidavit are incorrect or (b) there is any change of circumstances relating thereto.

13. I have reviewed the provisions of MLBR 2016-1.

I declare under penalties of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: August 15, 2008                            /s/ Frank D. Kirby
                                                  Frank D. Kirby (BBO#273480)
                                                  Kirby & Associates, P.C.
                                                  5 Pleasant Street, 5th floor
                                                  Worcester, MA  01609
                                                  508.798.0020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| BOSTON FINANCIAL CORPORATION ) | Chapter 11 |
| ) | No. 08-14571-HJB |
| Debtor ) | |
| ) | |

### DECLARATION REGARDING ELECTRONIC FILING

I, Frank D. Kirby, hereby declare under penalty of perjury that all of the information contained in the *Affidavit of Frank D. Kirby In Support of Debtors' Motion for Authorization to Employ Frank D. Kirby, Esq. as Replacement Counsel to the Debtor,* filed electronically is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Affidavit. I understand that failure to file this DECLARATION may cause the Affidavit to be struck and any request contained or relying thereon be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 8/15/08

Frank D. Kirby

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re: )
)
BOSTON FINANCIAL CORPORATION ) Chapter 11
) No. 08-14571-HJB
Debtor )
)

## DECLARATION REGARDING ELECTRONIC FILING

I, Frank A. Coviello, hereby declare under penalty of perjury that all of the information contained in the Debtor's Motion for Authorization to Employ Frank D. Kirby as Replacement Counsel filed electronically is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Affidavit. I understand that failure to file this DECLARATION may cause the Affidavit to be struck and any request contained or relying thereon be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 8/14/08

_____
Frank A. Coviello

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
In re:                                           )
                                                 )
BOSTON FINANCIAL CORPORATION    )    Chapter 11
                                                 )    No. 08-14571-HJB
            Debtor                          )
_____)

**ORDER AUTHORIZING EMPLOYMENT OF**
**REPLACEMENT COUNSEL**

Upon consideration of the Motion for Authorization to Employ Frank D. Kirby, Esq. as Replacement Counsel to the Debtor to represent the above-named Debtor in proceedings with respect to legal matters arising pursuant to the Chapter 11 proceedings of the above-named Debtor, and it appearing that Frank D. Kirby is an attorney duly admitted to practice in this Court, and the Court being satisfied that he represents no interest adverse to said Debtor, which would affect his ability to properly represent the Debtor, it is:

ORDERED, that the Debtor be and hereby is, authorized to employ Frank D. Kirby, Esq. to represent it in all matters relating to legal matters arising pursuant to these Chapter 11 proceedings, and it is further

ORDERED, that the compensation will be subject to the last sentence in 11 U.S.C. § 328(a), and it is further

ORDERED, that compensation for the said Frank D. Kirby, Esq. will be determined by the Bankruptcy Court.

Dated this _____ day of _____, 2008.

_____
The Honorable Henry J. Boroff
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
In re:                                            )
                                                  )
BOSTON FINANCIAL CORPORATION  )   Chapter 11
                                                  )   No. 08-14571-HJB
              Debtor                          )
_____ )

## CERTIFICATE OF SERVICE

I, Elizabeth Mathieu, hereby certify that on the 15th day of August 2008, I caused a copy of the attached *Debtor's Motion For Authorization To Employ Frank D. Kirby, Esq. As Replacement Counsel To The Debtor* to be served by ecf and/or first class mail, postage prepaid upon each of the persons and/or entities listed on the attached Service List.

/s/ Elizabeth Mathieu
5 Pleasant Street
Worcester, MA  01609
Phone:  508.798.0020
Fax:  508.798.0025

## SERVICE LIST

**John Fitzgerald**
Office of U.S. Trustee
10 Causeway Street
Boston, MA  02222

**Eric K. Bradford**
Office of U.S. Trustee
10 Causeway Street
Boston, MA  02222

**Gary L. Donahue**
U.S. Dept. of Justice
Office of U.S. Trustee
10 Causeway Street
Boston, MA 02222

**Boston Financial Corporation**
c/o Frank Coviello, Pres.
P.O. Box 290781
Charlestown, MA  02129

**John F. Drew**
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110

**Whitton E. Norris, III**
David, Malm & D'Agostine, PC
One Boston Place
Boston, MA 02108

**John P. Puccio**
P.O. Box 365
Canton, MA 02021

**Timothy M. Mauser**
Deutsch Williams Brooks
DeRensis & Holland, P.C.
One Design Center Place
Suite 600
Boston, MA 02210