UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| BOSTON FINANCIAL CORPORATION ) | Chapter 11 |
| ) | No. 08-14571-HJB |
| Debtor ) | |
| ) | |

**DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS**

Now comes the above-captioned Debtor, by its attorney, and objects to the following claims filed herein:

1. <u>Frank Coviello</u> ( Claim No.20 ) - Debtor objects to this claim on the basis of a **settlement** which has been reached with claimant and the Official Creditors' Committee herein, and which specifies that claimant will receive nothing whatsoever in respect to this claim. Claimant has materially breached his obligations under the express written terms of the settlement, and Debtor therefore prays that **this claim be disallowed in its entirety, and that Debtor be granted an additional thirty (30) days to file appropriate pleadings concerning its counterclaims against Mr. Coviello, including damages caused by his recent breach of the settlement agreement, which are still being calculated.**

2. <u>Susan R. Byrd</u> ( Claims No. 2 & 19 ) – Debtor objects to both of the above claims on the grounds that a **settlement** has been reached with claimant for the reduced amount of $9,986.50. Debtor therefore prays that Claim No. 2 be disallowed as superceded by Claim 19, and **that Claim 19 be allowed in the reduced amount of $9,986.50.**

3. <u>Yellow Transportation</u> ( Claims No. 3 and 7 ) - Debtor objects to both of these claims, inasmuch as any obligations incurred to claimant were incurred by Boston Anchor & Safety, Inc., a separate corporation with its own books and records, and not involved in any bankruptcy proceedings. All billings from claimant were made to Boston Anchor, and not to the Debtor. Debtor prays **that both claims be disallowed in full, as not being valid obligations of the Debtor corporation herein.**

4. <u>NStar Electric</u> ( Claim No.4 ) - Debtor objects to this claim upon the grounds that claimant has been **paid in full** for the periods involved in the ordinary course of business. **Debtor prays that the claim be disallowed in full.**

5. <u>Paul A. DeJesus</u> ( Claims No. 17 and 23 ) - Debtor prays that Claim No. 17 be disallowed as superceded by Claim No. 23, to which Debtor makes no objection. The claimant and Debtor have reached a **written settlement** which is the underlying basis for Claim No. 23. **Debtor therefore prays that Claim 23 be allowed in the amount of $750,000, upon the terms and conditions of the settlement agreement dated March 11, 2009.**

6. <u>Internal Revenue Service</u> ( Claim No. 8 ) - Debtor objects to this claim because claimant relied upon its own estimates, rather than upon information supplied by Debtor. Since the filing of the claim, **all returns are in the process of being filed, and Debtor believes that it does not owe claimant anything. Debtor therefore prays that a disposition on this claim be continued until such returns have been completed and filed, or in the alternative, that the claim be disallowed in full.**

7. **Joseph H. Baldiga, Esq., Ch. 11 Trustee of Industrial Control Solution, Inc. ("ICS"); Chapter 11 No. 08-14571-HJB** ( Claim 3-1 ) – Debtor objects to the allowance of any portion of this claim. Debtor brought a lawsuit pre-petition against claimant and other defendants which is pending in Suffolk Superior Court, Docket No. 07-3078-G. Debtor believes that claimant ICS's claim herein is frivolous, and that claimant ICS owes Debtor a substantial amount of money, plus costs and legal fees. **Debtor requests that this Court diasallow this claim in full.**

8. **Verizon** ( Claim No. 9 ). Debtor objects to this claim, inasmuch as any obligations incurred to claimant were incurred by Boston Anchor & Safety, Inc., a separate corporation with its own books and records, and not involved in any bankruptcy proceedings. All billings from claimant were made to Boston Anchor, **as evidenced by claimant's invoice attached to this claim**, and not to the Debtor. Debtor prays **that this claim be disallowed in full, as not being a valid obligation of the Debtor corporation herein.**

9. **General Electric Capital Corp.** ( Claim No. 5 ). Debtor objects to this claim because claimant has overstated the amount owed. The claim is based upon a lease for a copy machine, which Debtor is still using. Debtor has made post-petition lease payments to claimant, totaling $ 4,048.72 through March, 2009. Notwithstanding such payments, claimant has made a claim for the entire total of scheduled payments under the full term of the lease, without proper adjustment for payments made by Debtor. Furthermore, upon confirmation of the Plan herein, this lease was **rejected**, and Debtor notified General Electric to pick up the

copier. Debtor prays **that this Court disallow the claim in full, subject to the return of the copier to claimant.**

10. <u>Elizabeth Kelley-DeJesus</u> **(Claims No. 18 and 24).** Debtor objects to this claim because it was **superceded by claimant's second claim (Claim No. 24) which was filed five weeks later. Debtor prays that Claim No. 18 be disallowed, and that Claim No. 24 be allowed in its entirety.**

11. <u>Village of a Thousand Pines Condominium Trust</u> (Claim 25-1) The Debtor objects to this Claim because an examination of the Debtor's books and records indicates that nothing is owed to this claimant. Furthermore the supporting documentation filed with this claim suggests that it may be mis-filed in this case. Therefore the Debtor prays that this claim be disallowed in its entirety.

WHEREFORE, Debtor prays that this Court schedule a non-evidentiary hearing to consider these objections, and for such other relief as may be appropriate under the circumstances.

Respectfully submitted,

BOSTON FINANCIAL CORPORATION
Debtor-in-Possession By:


/s/Frank D. Kirby

Frank D. Kirby, Esq. (BBO#273480)
Frank D. Kirby & Associates
  5 Pleasant Street
Fifth Floor
Worcester, Massachusetts 01609
frank@fkirbyesq.com
    617-388-9278

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the attached Debtor's Objection To Claims has been served electronically by the Court's ECF system to all counsel of record and by first class mail to the addresses listed on the following sheet

Dated this 30th day of July 2009.

/s/ Frank D. Kirby

Susan R. Byrd
Ayers & Byrd Law Office
21 W Water Street
Wakefield, MA 01880

Yellow Transportation
P.O. Box 13850
Newark, NJ 07188-0850

NSTAR Electric
P.O. Box 4508
Woburn, MA 01888-400

Internal Revenue Service
Ogden, UT 84201-0038

Joseph H. Baldiga
Mirick, O'Connell, DeMallie
100 Front Street
Worcester, MA 01608

Verizon
P.O. Box 1
Worcester, MA 01654

GE Capital
P.O. Box 642111
Pittsburgh, PA 15264

Paul A. DeJesus
P.O. Box 446
Reading, MA 01867

Elizabeth Kelley-DeJesus
P.O. Box 446
Reading, MA 01867

Laura White Brandow, Esq.
Marcus, Errico, Emmer & Brooks
45 Braintree Hill Office Park
Suite 107
Braintree, MA 02184